## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

| | |
|---|---|
| **KIMBERLY GAMBINO,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO.  1:22CV-170-GNS |
| | ) |
| **CUMBERLAND FAMILY** | ) |
| **MEDICAL CENTER, INC.** | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. Plaintiff, Kimberly Gambino ("Gambino" or "Plaintiff"), by counsel, brings this action against Defendant, Cumberland Family Medical Center, Inc., ("Defendant"), for violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et. seq.* and the Kentucky Civil Rights Act ("KCRA").

### II. PARTIES

2. Gambino is a resident of Bonnieville, Kentucky, who at all relevant times to this action resided within the geographical boundaries of the Western District of Kentucky.

3. Defendant is located and routinely conducts business within the geographical boundaries of the Western District of Kentucky in Russell County.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 28 U.S.C. §1367; and 42 U.S.C. §2000e-5(f)(3).

5. Defendant is an "employer" as that term is defined by KRS 344.030(2) and 42 U.S.C. §2000e(b).

6. Gambino was an "employee" as that term is defined by KRS 344.030(5) and 42 U.S.C §2000e(f).

7. Gambino satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination based on religion and retaliation. Gambino received the required Notice of her Right to Sue and timely files this action.

8. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Western District of Kentucky; thus, venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

9. Gambino began working for the Defendant in or about July 2020 as a Psychiatric Nurse Practitioner.

10. At all times relevant, Gambino had met or exceeded Defendant's legitimate performance expectations.

11. In or about November 2021, Gambino noted to Eric Loy ("Loy"), CEO, an article discussing natural immunity to the COVID-19 vaccine and noted her opposition to the COVID-19 vaccine based on her religious beliefs. Loy criticized the natural immunity article to Gambino. Further, Loy's assistant, Sam Brown, informed Gambino that as a provider, they did not want to discourage patients from getting the vaccine.

12. In or about November 2021, Defendant imposed a requirement that all of its employees receive the COVID-19 vaccine. Gambino sought and ultimately received a religious exemption in March 2022, but not without further criticism from Defendant.

13. Further, Defendant only temporarily approved Gambino's religious exemption request and informed her that they would revisit the decision in September 2022.

14. On or about August 12, 2022, Defendant terminated Gambino's employment for an alleged HIPAA violation; however, Gambino did not violate HIPAA and, regardless, Defendant's stated reason was pretext for discrimination based on her religious beliefs.

15. Individuals who did not request a religious exemption from the COVID-19 vaccine and were also accused of violating HIPAA were not terminated. For example, Defendant accused Susan Priddy ("Priddy") of violating HIPAA; however, Priddy faced no adverse employment action.

## V. CAUSES OF ACTION
## COUNT I: RELIGIOUS DISCRIMINATION

16. Gambino hereby incorporates paragraphs one (1) through fifteen (15) of her Complaint as if the same were set forth at length herein.

17. Defendant discriminated against Gambino on the basis of her religious beliefs.

18. Defendant's actions were intentional, willful, and in reckless disregard of Gambino's rights as protected by Title VII of the Civil Rights Act of 1964 and the KCRA.

19. Gambino has suffered damages as a result of Defendant's unlawful actions.

## COUNT III: RETALIATION

20. Gambino hereby incorporates paragraphs one (1) through nineteen (19) of her Complaint as if the same were set forth at length herein.

21. Gambino engaged in protected activity when she requested a religious exemption from receiving the COVID-19 vaccine.

22. Defendant retaliated against Gambino by terminating her employment.

23. Defendant's actions were intentional, willful, and taken in reckless disregard of Gambino's legal rights.

24. Defendant's unlawful actions have violated Gambino's rights as protected by Title VII of the Civil Rights Act of 1964 and the KCRA.

25. Gambino suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Kimberly Gambino, respectfully requests that this court enter judgment in her favor and award her the following relief:

1. Reinstate Gambino's employment to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful actions; and/or payment to Gambino of front pay in lieu thereof;

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Compensatory damages;

5. Punitive damages;

6. All costs and attorney's fees incurred as a result of bringing this action;

7. Pre- and post-judgement interest on all sums recoverable; and

8. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By:  /s/ Andrew Dutkanych
Andrew Dutkanych, Atty. No. 91190
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991 - 4765
Email: ad@bdlegal.com
*Counsel for Plaintiff, Kimberly Gambino*

## DEMAND FOR JURY TRIAL

Plaintiff, Kimberly Gambino, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By: /s/ Andrew Dutkanych
Andrew Dutkanych, Atty. No. 91190
144 North Delaware Street Indianapolis, IN 46204
Telephone: (317) 991 - 4765
Email: ad@bdlegal.com
*Counsel for Plaintiff, Kimberly Gambino*